1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

MYRON G. BRANDON,

11

Plaintiff,

CASE NO. 3:21-CV-5417-JCC-DWC

12

v.

ORDER TO FILE AMENDED
COMPLAINT

13

DEPARTMENT OF CORRECTIONS,
et al.,

14

Defendants.

15

16    The District Court referred this action to United States Magistrate Judge David W.

17  Christel. Plaintiff Myron G. Brandon, proceeding *pro se*, filed this civil rights complaint under

18  42 U.S.C. § 1983.[1] Having reviewed and screened Plaintiff's proposed amended complaint under

19  28 U.S.C. §1915A, the Court finds Plaintiff has failed to state a claim upon which relief can be

20  granted, but provides Plaintiff leave to file an amended pleading by September 24, 2021, to cure

21  the deficiencies identified herein.

22

23

24

[1] Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis*. Dkt. 8. However, the Court declines to rule on the request to proceed *in forma pauperis* until Plaintiff has filed an amended complaint.

ORDER TO FILE AMENDED COMPLAINT - 1

1

### I.      Background

2      In the proposed amended complaint, Plaintiff, an inmate housed in the Monroe

3   Correctional Complex, alleges Defendants the State of Washington, Mark Wentworth, and Joan

4   Palmer provided Plaintiff with negligent medical care causing him to suffer a heart attack. Dkt.

5   10.

6      ### II.      Discussion

7      Under the Prison Litigation Reform Act of 1995, the Court is required to screen

8   complaints brought by prisoners seeking relief against a governmental entity or officer or

9   employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the

10   complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to

11   state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant

12   who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*,

13   152 F.3d 1193 (9th Cir. 1998).

14      To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a

15   violation of rights protected by the Constitution or created by federal statute, and (2) the

16   violation was proximately caused by a person acting under color of state law. *See Crumpton v.*

17   *Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to

18   identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271

19   (1994).

20      To satisfy the second prong, a plaintiff must allege facts showing how individually

21   named defendants caused, or personally participated in causing, the harm alleged in the

22   complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350,

23   1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when

24

ORDER TO FILE AMENDED COMPLAINT - 2

1  committing an affirmative act, participating in another's affirmative act, or omitting to perform an

2  act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping

3  conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d

4  at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the

5  defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S.

6  378, 385-90 (1989).

7      Plaintiff's proposed amended complaint suffers from deficiencies that require dismissal if

8  not corrected in an amended complaint.

9      A.  Deliberate Indifference

10     Plaintiff alleges Defendants acted with deliberate indifference to his serious medical need

11  when they failed to examine him for a year. Dkt. 10. Deliberate indifference to serious medical

12  needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*,

13  429 U.S. 97, 104 (1976) (internal citation omitted); *see Hudson v. McMillan*, 503 U.S. 1, 6

14  (1992). An Eighth Amendment medical claim has two elements: (1) "the seriousness of the

15  prisoner's medical need and [(2)] the nature of the defendant's response to that need." *McGuckin*

16  *v. Smith,* 974 F.2d 1050, 1059 (9th Cir.1991), *overruled on other grounds by WMX Techs., Inc.*

17  *v. Miller,* 104 F.3d 1133 (9th Cir.1997) (en banc).

18     A medical need is serious "if the failure to treat the prisoner's condition could result in

19  further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974

20  F.2d at 1059 (*quoting Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable

21  doctor or patient would find important and worthy of comment or treatment; the presence of a

22  medical condition that significantly affects an individual's daily activities; or the existence of

23

24

1 │ chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for

2 │ medical treatment." *Id.* at 1059-1060.

3 │ If a plaintiff shows he suffered from a serious medical need, he must then show the

4 │ prison officials responded to the need with deliberate indifference. *See Farmer*, 511 U.S. at 834.

5 │ Deliberate indifference to a prisoner's serious medical need requires "a purposeful act or failure

6 │ to act on the part of the defendant." *McGuckin*, 974 F.2d at 1060. In other words, "[a] defendant

7 │ must purposefully ignore or fail to respond to a prisoner's pain or possible medical need." *Id*. A

8 │ prison official, accordingly, will not be found deliberately indifferent to a prisoner's serious

9 │ medical needs "unless the official knows of and disregards an excessive risk to inmate health or

10 │ safety." *Farmer*, 511 U.S. at 837. "[T]he official must both be aware of facts from which the

11 │ inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

12 │ inference." *Id.*

13 │ Plaintiff alleges he had a heart attack in 2016. Dkt. 10. In November 2017, non-party Dr.

14 │ Lisa Abraham ordered Plaintiff to have his heart examined within six months. *Id*. Plaintiff was

15 │ transferred to Washington Corrections Center from Washington State Penitentiary and did not

16 │ receive a physical nor was his heart examined from November 2017 through November 2018. *Id*.

17 │ On February 8, 2019, Plaintiff had a second heart attack. *Id*. Plaintiff alleges Defendants

18 │ Wentworth and Palmer failed to follow Dr. Abraham's orders and provide Plaintiff with the

19 │ necessary medical examinations from November 2017 through November 2018. *Id*.

20 │ First, Plaintiff has not alleged facts sufficient to show Defendants Wentworth and Palmer

21 │ were aware of Plaintiff's condition and the orders from Dr. Abraham. As Plaintiff has not alleged

22 │ Defendants Wentworth and Palmer had knowledge of Plaintiff's serious medical needs, he has

23 │ not alleged facts sufficient to show Defendants Wentworth and Palmer acted with deliberate

24 │ indifference to Plaintiff's serious medical needs.

1       Second, Plaintiff has failed to allege facts sufficient to show Defendants Wentworth and

2   Palmer violated Plaintiff's constitutional rights. At most, Plaintiff has alleged Defendants

3   Wentworth and Palmer did not provide the treatment recommended by a different medical

4   professional, which is insufficient to state a §1983 claim. *See Toguchi v. Chung*, 391 F.3d 1051,

5   1058 (9th Cir. 2004) (finding mere differences of opinion between a prisoner and prison medical

6   staff or between medical professionals regarding the proper course of treatment does not give

7   rise to a § 1983 claim); *Hutchinson v. U.S.*, 838 F.2d 390, 394 (9th Cir. 1988) ("[m]ere

8   negligence in diagnosing or treating a medical condition, without more, does not violate a

9   prisoner's Eighth Amendment rights.").

10      For the above stated reasons, the Court finds Plaintiff has failed to state a claim upon

11  which relief can be granted as to Defendants Wentworth and Palmer. If Plaintiff wishes to pursue

12  a claim against Defendants Wentworth and Palmer for deliberate indifference to a serious

13  medical need, he must provide a short, plain statement explaining *exactly* what Defendants

14  Wentworth and Palmer did or failed to do and how the actions violated Plaintiff's constitutional

15  rights and caused him harm.

16      B.   Improper Defendant

17      Plaintiff names the State of Washington as a Defendant. Dkt. 10. Section 1983 applies to

18  the actions of "persons" acting under the color of state law. The State of Washington is not a

19  "person" for purposes of a §1983 civil rights action. *See Will v. Michigan Dep't. of State Police*,

20  491 U.S. 58, 65, 71 (1989). Additionally, there is no evidence the State of Washington has

21  waived its Eleventh Amendment immunity in federal courts. Therefore, the State of Washington

22  cannot be sued under §1983 and should not be named in this lawsuit.

23

24

ORDER TO FILE AMENDED COMPLAINT - 5

1    **III.    Instruction to Plaintiff and the Clerk**

2    Due to the deficiencies described above, if Plaintiff intends to pursue a § 1983 civil rights

3    action in this Court, he must file an amended complaint and within the amended complaint, he

4    must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes

5    was violated; (2) the name of the person who violated the right; (3) exactly what the individual

6    did or failed to do; (4) how the action or inaction of the individual is connected to the violation

7    of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the

8    individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

9    Plaintiff shall present the amended complaint on the form provided by the Court. The

10   amended complaint must be legibly rewritten or retyped in its entirety, it should be an original

11   and not a copy, it should contain the same case number, and it may not incorporate any part of

12   the original complaint by reference. The amended complaint will act as a complete substitute for

13   the original Complaint, and not as a supplement. An amended complaint supersedes the original

14   complaint. *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on*

15   *other grounds, Lacey v. Maricopa County,*693 F.3d 896 (9th Cir. 2012). Therefore, the amended

16   complaint must be complete in itself and all facts and causes of action alleged in the original

17   Complaint that are not alleged in the amended complaint are waived. *Forsyth,* 114 F.3d at 1474.

18   The Court will screen the amended complaint to determine whether it contains factual allegations

19   linking each Defendant to the alleged violations of Plaintiff's rights. The Court will not authorize

20   service of the amended complaint on any Defendant who is not specifically linked to a violation

21   of Plaintiff's rights.

22

23

24

1    If Plaintiff fails to file an amended complaint or fails to adequately respond to the issues

2  raised herein on or before September 24, 2021, the undersigned will recommend dismissal of this

3  action.

4    The Clerk is directed to send Plaintiff copies of this Order and the appropriate forms for

5  filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is also directed to re-

6  note Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 8) for September 24, 2021.

7    Dated this 23rd day of August, 2021.

8

9    David W. Christel
    United States Magistrate Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER TO FILE AMENDED COMPLAINT - 7