UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MYRON G. BRANDON,

        Plaintiff,

v.

DEPARTMENT OF CORRECTIONS, et al.,

        Defendant.

CASE NO. 3:21-CV-5417-JCC-DWC

REPORT AND RECOMMENDATION

Noting Date: November 19, 2021

The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Myron G. Brandon, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's proposed second amended complaint under 28 U.S.C. § 1915A, the Court concludes Plaintiff has failed to state a claim for which relief can be granted. Accordingly, the Court recommends the proposed second amended complaint be dismissed without prejudice. The Court also recommends all pending motions, including Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (Dkt. 8) and Motion to Attach Exhibits (Dkt. 14) be denied and this case be closed.

REPORT AND RECOMMENDATION - 1

## I.  Background

In the proposed second amended complaint, Plaintiff, an inmate housed in the Monroe Correctional Complex, alleges Defendants Mark Wentworth, Joan Palmer, and Jennifer Meyer acted with deliberate indifference to Plaintiff's serious medical needs. Dkt. 12.

## II. Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an

act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

A. <u>Deliberate Indifference</u>

Plaintiff first asserts Defendants acted with deliberate indifference to his serious medical needs. Dkt. 12, p. 5. Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation omitted); *see Hudson v. McMillan*, 503 U.S. 1, 6 (1992). An Eighth Amendment medical claim has two elements: (1) "the seriousness of the prisoner's medical need and [(2)] the nature of the defendant's response to that need." *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir.1991), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir.1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (*quoting Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.* at 1059-1060.

If a plaintiff shows he suffered from a serious medical need, he must then show the prison officials responded to the need with deliberate indifference. *See Farmer*, 511 U.S. at 834.

Deliberate indifference to a prisoner's serious medical need requires "a purposeful act or failure to act on the part of the defendant." *McGuckin*, 974 F.2d at 1060. In other words, "[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need." *Id*. A prison official, accordingly, will not be found deliberately indifferent to a prisoner's serious medical needs "unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Plaintiff alleges he had a heart attack in June of 2016. Dkt. 12, p. 5. Plaintiff asserts that, in November of 2016, non-party Dr. Joseph Condon placed orders in Plaintiff's medical chart for Plaintiff to have a follow-up appointment in one year or as needed. *Id*. Plaintiff states Defendants failed to follow Dr. Condon's orders for a follow-up. *Id*. As a result of Defendants' failure to follow Dr. Condon's orders, Plaintiff contends he suffered a second heart attack. *Id*.

First, Plaintiff has not alleged facts sufficient to show Defendants were aware of Plaintiff's condition and the orders from Dr. Condon. Plaintiff provides conclusory allegations that "Defendants" failed to follow orders contained in his medical chart. However, Plaintiff has provided no allegations showing Defendants were aware of the orders and acted with deliberate indifference to those medical orders. As Plaintiff has not alleged Defendants had knowledge of Plaintiff's serious medical needs, he has not alleged facts sufficient to show Defendants acted with deliberate indifference to Plaintiff's serious medical needs.

Second, Plaintiff has failed to allege facts sufficient to show Defendants violated Plaintiff's constitutional rights. At most, Plaintiff has alleged Defendants did not provide the treatment recommended by a different medical professional, which, alone, is insufficient to state a § 1983 claim. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (finding mere

REPORT AND RECOMMENDATION - 4

differences of opinion between a prisoner and prison medical staff or between medical professionals regarding the proper course of treatment does not give rise to a § 1983 claim); *Hutchinson v. U.S.*, 838 F.2d 390, 394 (9th Cir. 1988) ("[m]ere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights.").

For the above stated reasons, the Court finds Plaintiff has failed to sufficiently state a deliberate indifference claim.

B. Equal Protection

Plaintiff also states Defendants treated him differently by failing to provide medical care in violation of the Fourteenth Amendment. Dkt. 12, p. 6. The Fourteenth Amendment's Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). To bring a successful equal protection claim, a plaintiff must show differential treatment from a similarly situated class. *See Washington v. Davis*, 426 U.S. 229, 239 (1976). For this differential treatment to give rise to a claim under 42 U.S.C. § 1983, "one must show intentional or purposeful discrimination." *Draper v. Rhay*, 315 F.2d 193, 198 (9th Cir. 1963).

Here, Plaintiff provides only a conclusory allegation that he was treated differently because Defendants failed to provide him with medical care and treatments. Dkt. 12, p. 6. Plaintiff does not contend other similarly situated individuals were provided the medical care and treatment Plaintiff contends he needed. Rather, Plaintiff's equal protection claim is a reiteration of his deliberate indifference claim. Therefore, the Court finds Plaintiff has failed to sufficiently state an equal protection claim.

### III. Leave to Amend

The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). Plaintiff has been allowed to amend his proposed complaint and proposed amended complaint and the Court instructed Plaintiff regarding the deficiencies of both his proposed complaint and proposed amended complaint. *See* Dkt. 1-1, 9, 10, 11. The deficiencies identified in the proposed complaint and proposed amended complaint are still present in the proposed second amended complaint. *See* Dkt. 12.

The Court finds Plaintiff has failed to allege facts sufficient to show Defendants are liable under § 1983. Further, as Plaintiff has been notified of the deficiencies and still has failed to provide a severable complaint, the Court finds Plaintiff cannot overcome the deficiencies of his proposed second amended complaint by an additional amendment. Accordingly, the Court recommends Plaintiff not be given additional leave to amend. *See Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

### IV. Conclusion

For the above stated reasons, the undersigned recommends this case be dismissed without prejudice for failure to state a claim. The Court recommends all pending motions, including

REPORT AND RECOMMENDATION - 6

1 | Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (Dkt. 8) and Motion to Attach
2 | Exhibits (Dkt. 14), be denied. As Plaintiff has failed to state a claim upon which relief can be
3 | granted, the Court also recommends this dismissal count as a strike. *See* 28 U.S.C. § 1915(g).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on November 19, 2021, as noted in the caption.

Dated this 29th day of October, 2021.

*[signature]*

David W. Christel
United States Magistrate Judge